**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

vs.                                                                        **3:94cr03136/RV**

**BENNIE CLEVELAND WILLIAMS**

---

### ORDER

The defendant has filed a notice of appeal (doc. 311) which this court construes as a request for a certificate of appealability.[1] Defendant appeals the court's denial of his Rule 60(b) motion. (Doc. 309). Unless a certificate of appealability is issued, the defendant may not take an appeal from the final order denying a Rule 60(b) motion. *Gonzalez v. Secretary of Department of Corrections*, 317 F.3d 1308, 1312 (11th Cir. 2003). A certificate of appealability should not issue in the appeal from the denial of a Rule 60(b) motion in a habeas case unless the petitioner/defendant shows, at a minimum, that it is debatable among jurists of reason whether the district court abused its discretion, see *Mobley v. Head*, 306 F.3d 1096, 1097 (11th Cir. 2002) ("This Court reviews a denial of a 60(b) motion for an abuse of discretion."). Because the court finds the defendant has not made the requisite showing, his request for a certificate of appealability is DENIED. Defendant has not filed a motion for leave to proceed *in forma pauperis.* The court finds that the appeal is not taken in good faith and he is not otherwise entitled to so proceed. Fed.R.App.P. 24(a)(3). Therefore, defendant shall pay the $455.00 filing fee within thirty days.

DONE AND ORDERED this 15th day of December, 2006.

/s/ Roger Vinson
**ROGER VINSON
SENIOR UNITED STATES DISTRICT JUDGE**

---

[1] *See Edwards v. United States*, 114 F.3d 1083 (11th Cir. 1997) (district courts must treat notices of appeal in Section 2255 actions as applications for certificates of appealability).