**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

      v.                                        Case No. 3:94cr3136/RV

**BENNIE CLEVELAND WILLIAMS**
_____/

**ORDER**

      Bennie Cleveland Williams was found guilty of conspiracy to possess with intent to distribute cocaine and cocaine base. His guideline range was determined to be life imprisonment (total offense level of 44). Williams was sentenced on May 3, 1995, to life imprisonment followed by 10 years supervised release. The defendant was facing a minimum mandatory term of 20 years to life based upon an enhancement filed in his case. Williams appealed his sentence and on January 28, 1997, the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. On February 19, 1998, the defendant filed a motion to vacate under Title 28, United States Code, Section 2255. On February 1, 2000, the Court denied the motion. The defendant appealed the Court's ruling on this motion and subsequent motions. On July 5, 2007, the defendant's application for leave to file a second or successive motion to vacate, set aside, or correct sentence was denied by the Eleventh Circuit Court of Appeals.

      Williams has now filed a motion to modify his term of imprisonment pursuant to Title 18, United States Code, Section 3582(c)(2) [*Reduction of Term of Imprisonment Based upon Sentencing Range which has been Subsequently Lowered by the Sentencing Commission*]. The basis of his motion is an amendment to guidelines (#591) concerning the application of the sentencing guidelines to the

"offense of conviction," which is authorized to be applied retroactively pursuant to section 1B1.10. Although an enhancement was filed in the defendant's case, Williams argues section 4B1.1 prohibits the use of the enhanced statutory maximum in the determination of the offense level. Therefore, the defendant argues his applicable guideline range should be 188 to 235 months imprisonment.

Amendment 591, which became effective in November 2000, requires that the selection of the offense guideline be based only on the statute or the "offense of conviction." This amendment simply clarified that in order for the enhanced penalties in section 2D1.2 [*Drug Offenses Occurring Near Protected Locations*] to apply, a defendant must be convicted of an offense which references section 2D1.2, rather than simply engaging in conduct described by that section. This amendment was also made retroactive pursuant to section 1B1.10. Mr. Williams was convicted by a jury of a violation of Title 21, United States Code, sections 841(b)(1)(A)(iii) and 846 which carries a statutory penalty, after application of an enhancement, of 20 years to life. A review of the presentence report reflects that no guideline calculations were made in regard to section 2D1.2.

In U.S. v. Moreno, 421 F.3d 1217 (11th Cir. 2005), the Eleventh Circuit Court of Appeals ruled that amendment 591 does not provide a basis for reduction of sentence under Title 18, United States Code, section 3582(c)(2), because it applies only to the selection of the relevant offense guideline, not the selection of the base offense level. In Moreno, the Court stated this amendment does not constrain the use of judicially found facts to select a base offense level within the relevant guideline. Moreno further noted the Eleventh Circuit has held in Varela v. U.S., 400 F.3d 864, 868 (11th Cir. 2005), that U.S. v. Booker, 543 U.S. 200, 125 S.Ct. 738 (2005), does not apply retroactively to cases on collateral review. Further, since Booker is a Supreme Court decision, and not a retroactively applicable guideline amendment by the Sentencing Commission, Booker is inapplicable to section 3582(c)(2) motions. See also, U.S. v. Crawford, 2007 WL 1745876 (11th Cir. 2007) (unpublished) (a request

for sentencing relief under amendment 591 is outside the "scope" of a Title 18, United States Code, section 3582(c)(2) motion).

Defendant Williams was not determined to be a career offender under the provisions of section 4B1.1.  Therefore, amendment 591 has no application to the defendant's case.  The motion (doc. 329) must be, and is, DENIED.

**DONE AND ORDERED** this 13th day of September, 2007.

 /s/*Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**