# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

v.  Case Nos.: 3:94cr3136/RV/CJK
                3:98cv59/RV/CJK

**BENNIE CLEVELAND WILLIAMS**
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Motion to Reopen and Amend Original § 2255 Motion (doc. 462). The Government has responded and moved to dismiss his motion (doc. 466) and Defendant has responded (doc. 468). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant's motion should be denied.

## PROCEDURAL BACKGROUND

Defendant was convicted of controlled substance offenses in 1995 and sentenced to a term of life imprisonment (doc. 124). His judgment and conviction were affirmed on appeal in 1997 (doc. 197). In 1998, Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 199). The motion was denied, as was his

request for a certificate of appealability (docs. 221, 222, 228, 238). Defendant filed numerous other motions attempting to either reverse the judgment of conviction or reduce his sentence (*see* docs. 263, 308, 310, 319, 329, 360, 361). His sentence was reduced from life to 360 months based on the application of the U.S.S.G. crack cocaine amendment (doc. 365). He now seeks to "re-open" his § 2255 motion in light of the Supreme Court's decision in Martinez v. Ryan, 132 S.Ct. 1309 (2012), in an apparent attempt to relitigate the claims that were raised therein.

The Government moves to dismiss Defendant's attempt to re-open, characterizing it as an attempt to avoid the statutory bar on second or successive motions (doc. 466). To the extent Defendant's motion can be viewed as a second or successive motion, the court is without jurisdiction to consider it as he has not obtained leave from the Eleventh Circuit to file such a motion. *See* 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005).

In his response, however, Defendant argues that he filed his motion pursuant to Fed. R. Civ. P. 60(b) seeking relief from an "allegedly incorrect procedural ruling" (doc. 468 at 5). The court has reviewed the record and notes that each of the claims in Defendant's initial § 2255 motion was addressed on its merits, even if a procedural bar also was noted (doc. 221). Although Defendant was represented by counsel in the initial § 2255 proceedings, his reliance on Martinez as authority for re-opening his motion is misplaced. Martinez addressed the issue of procedural default based on ineffective assistance of counsel in a state habeas proceeding. Martinez, 132 S.Ct. at 1319. As such, it has been found inapplicable to claims challenging federal convictions. *See*, *e.g.*, Jackman v. Shartle, No.13-2500; 2013 WL 4419333 at *2 n.5

(3d Cir. 2013); <u>Buenrostro v. United States</u>, 697 F.3d 1137, 1140 (9th Cir. 2012). Furthermore, <u>Martinez</u> does not confer a constitutional right to effective assistance of post-conviction counsel. *See* <u>In Re Sepulvado</u>, 707 F.3d 550, 556 (5th Cir. 2013). Therefore, neither Rule 60(b) nor <u>Martinez</u> provides a basis for Defendant to re-open and re-litigate issues that were decided thirteen years ago. Defendant's motion to re-open should be denied.

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order, to the extent one is required in this case.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. Defendant's "Motion to Re-open § 2255 with an Affirmative Order in light of Martinez v. Ryan, which extended the Sixth Amendment Right to Effective Counsel" (doc. 462) be **DENIED**.

2. The Government's "Motion to Dismiss Defendant's Motion to Reopen Title 28 United States Code, section 2255 Case" (doc. 466) be **GRANTED**.

3. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 6th day of September, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**