UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.:  3:94cr3136/RV/CJK
  3:14cv242/RV/CJK

BENNIE CLEVELAND WILLIAMS
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 501). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

### BACKGROUND and ANALYSIS

Defendant is currently serving a term of 360 months imprisonment after his conviction for conspiracy to possess with intent to distribute cocaine and cocaine base

(docs. 124, 365).[1]  The Eleventh Circuit affirmed his conviction and sentence on appeal (doc. 174).  Defendant then challenged his conviction by means of a motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 199).  The district court denied this motion in February of 2000 (*see* docs. 221, 222).[2]  Defendant filed several other motions for post-conviction relief (*see* docs 308, 310, 319, 329, 360, 361, 443), including an unsuccessful motion to re-open his original §2255 motion (doc. 462, 469, 470).  Defendant has now filed another motion to vacate in which he claims that his original trial and appellate attorneys were constitutionally ineffective (doc. 501).  The filing reveals no explanation for Defendant's attempt to obtain relief for errors that occurred nearly twenty years ago, and the only attachment to his motion, an unredacted copy of the indictment dated September 26, 1994, sheds no light on the issue (doc. 501 at 7–8).

In any event, this court does not have jurisdiction to entertain Defendant's motion.  Before a second or successive application for § 2255 relief is filed in the district court, the litigant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *United States v. Oliveros-Estupinan,* 544 F. App'x 930 (11th Cir. 2014).  Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, and therefore, the instant motion to vacate must be dismissed without prejudice.

---

[1] Defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582 was granted, and his sentence was reduced from life imprisonment to a term of 360 months (doc. 365).

[2] The record does not indicate the disposition of Defendant's appeal, although the court's docket reflects that no further appeals were pending as of June 28, 2002.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court ("§ 2255 Rules") provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 501), be **SUMMARILY DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit.

2.        A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 28th day of May, 2014.


*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only**.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).